IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIO SANCHEZ, Individually and On Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | **Civil Action No. 5:17-CV-811** |
| v. | § § | |
| **KHBJR ENTERPRISE LLC d/b/a 4TH QUARTER SPORTS BAR; BOMBAY RANCH, INC. d/b/a 8811 PATIO BAR; 8811 LLC d/b/a 8811 PATIO BAR; KENNETH HENRY BAKER, JR.; and MICHAEL KEVIN WADE** | § § § § § § § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Mario Sanchez ("Named Plaintiff" or "Sanchez") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants (the "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

**I. NATURE OF SUIT**

1. The FLSA requires employers pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). Tipped employees may be paid less—as little as $2.13 per hour—so long as their tips are sufficient to make up the "tip credit" of up to $5.12 hour. 29 U.S.C. § 203(m). The FLSA prohibits employers from paying tipped employees *nothing* and instead relying exclusively on the employee's tips. *See Lopez v. La Hacienda Mexican Grill, Inc.*, 8:13-CV-350-

T-33MAP, 2013 WL 2949137, at *3 (M.D. Fla. June 14, 2013) (entering judgment against employer that required employees to work for tips only).

2. The FLSA also "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

3. Defendants violated the FLSA by failing to pay Sanchez and other bartenders, barbacks, and servers *any wages*—both minimum wages and overtime wages—forcing them instead to work only for tips. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Mario Sanchez is an individual who resides in Bexar County, Texas. At all relevant times, Sanchez was an "employee" of Defendants as defined by the FLSA. At all relevant times, Defendants were Sanchez's "employer" as defined by the FLSA. Named Plaintiff Mario Sanchez has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

5. Plaintiffs are Defendants' current and former bartenders, barbacks, and servers who worked as such for Defendants and were forced to work for tips only.

6. KHBJR Enterprise LLC is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas. It operates under the assumed name of 4th Quarter Sports Bar. Its principal office is in San Antonio, Texas. Its registered agent for service

of process is Defendant Kenneth Henry Baker, Jr., 12838 Hunting Bear, San Antonio, Texas, 78249. Alternatively, Plaintiff may serve KHBJR Enterprise LLC through the Secretary of State.

7. Bombay Ranch, Inc. is a Texas corporation that is currently authorized to do business in Texas and that is doing business in Texas. It operates under the assumed name of 8811 Patio Bar. Its principal office is in San Antonio, Texas. Its registered agent for service of process is Defendant Michael K. Wade, 3300 Nacogdoches Road, Suite 100, San Antonio, Texas, 78217.

8. 8811 LLC is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas. It operates under the assumed name of 8811 Patio Bar. Its principal office is in San Antonio, Texas. Its registered agent for service of process is Kirk O. Frazer, 3300 Nacogdoches Road, Suite 100, San Antonio, Texas, 78217.

9. Kenneth Henry Baker, Jr. is an individual residing in or around Las Vegas, Clark County, Nevada. Defendant Baker was, at all times relevant to this action, an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. §203(d). Defendant Baker may be served with process at 4525 Dean Martin Dr. Unit 1405, Las Vegas, Nevada, 89103-8113, or wherever he may be found.

10. Michael Kevin Wade is an individual residing in or around San Antonio, Bexar County, Texas. Defendant Wade was, at all times relevant to this action, an "employer" of Plaintiffs as that term is used in the FLSA, 29 U.S.C. §203(d). Defendant Wade may be served with process at 3300 Nacogdoches Road, Suite 100, San Antonio, Texas, 78217, or wherever he may be found.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. Named Plaintiff was an employee of Defendants and performed work for Defendants in San Antonio, Texas. The acts or omissions giving rise to this action occurred in this district and division. In addition, Defendants have done and continue to do business in San Antonio, Texas. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

14. At all times hereinafter mentioned, Defendants have each, individually and jointly, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of

sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," individually and jointly, within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

18. Defendant KHBJR Enterprise LLC operates a bar in San Antonio, Texas called 4th Quarter Sports Bar, which is located at 8779 Wurzbach Road, San Antonio, Texas, 78240.

19. Defendants Bombay Ranch, Inc. and 8811 LLC operate a bar and grill in San Antonio, Texas called 8811 Patio Bar, which is located at 8811 Fredericksburg Road, San Antonio, Texas, 78240.

20. Bombay Ranch, Inc. holds the liquor license for 8811 Patio Bar, which is License # MB244823.

21. 4th Quarter Sports Bar and 8811 Patio Bar are less than one mile from each other.

22. Sanchez worked as a bartender at 8811 Patio Bar from approximately, January 2017 until early August, 2017.  Sanchez worked as a bartender and barback at 4th Quarter Sports Bar from approximately February, 2017 until mid-August, 2017.

23. When Sanchez started working for 4th Quarter Sports Bar in February, 2017, management told him that he did not need to fill out new IRS forms because 4th Quarter Sports Bar and 8811 Patio Bar are the same company.  Sanchez was already working at 8811 Patio Bar.  Sanchez therefore did not fill out any new IRS forms prior to starting at 4th Quarter Sports Bar.

24. Sanchez regularly worked at both 8811 Patio Bar and 4th Quarter Sports Bar during the same weeks. For the entire time that Sanchez worked for both 8811 Patio Bar and 4th Quarter Sports Bar at the same time, there was an arrangement between Defendants to share Sanchez's services.

25. Defendants coordinated amongst themselves about scheduling Plaintiff's work between 8811 Patio Bar and 4th Quarter Sports Bar.

26. Defendant Baker owns and oversee the operations of 4th Quarter Sports Bar. Defendant Baker scheduled Sanchez's hours of work at 4th Quarter Sports Bar in conjunction with 8811 Patio Bar.

27. Defendant Wade owns and oversee the operations of 8811 Patio Bar. Defendant Baker is also an owner of 8811 Patio Bar.

28. Defendants jointly employed Named Plaintiff and Class Members. Defendants are part of a single integrated enterprise that has jointly employed Plaintiffs and similarly situated employees at all relevant times.

29. Throughout his employment, Defendants never paid Sanchez any hourly wages. Sanchez worked for his tips only.

30. Defendants Bombay Ranch, Inc. and 8811 LLC employed other bartenders, barbacks, and servers at 8811 Patio Bar who were not paid any hourly wage but instead worked for tips only. Defendant KHBJR Enterprise LLC employed other bartenders and barbacks at 4th Quarter Sports Bar who were not paid an hourly wage but instead worked for tips only.

31. Sanchez regularly worked more than forty hours per week for Defendants but was not compensated with any hourly wage for those hours, and Defendants did not pay him at time and one-half his regular rate of pay for all hours he worked over 40 in a workweek.

32. Defendants did not comply with the requirements of 29 U.S.C. § 203(m) to avail themselves of a "tip credit" for Named Plaintiffs or Class Members. Specifically:

    a. Defendants did not notify Named Plaintiffs or the Class Members that it was paying them a cash wage of $2.13 per hour.

    b. Defendants did not notify Named Plaintiffs or the Class Members that it was taking a tip credit of any specific amount, including in the amount of $5.12 per hour or any lesser amount.

    c. Defendants did not notify Named Plaintiffs or the Class Members that any tip credit claimed by Defendants cannot exceed the amount of tips actually received by Named Plaintiffs or the Class Members.

    d. Defendants did not notify Named Plaintiffs or the Class Members that all tips received by the Named Plaintiffs or the Class Members are to be retained by the Named Plaintiffs or the Class Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

    e. Defendants did not notify Named Plaintiffs or the Class Members that any tip credit will not apply to any tipped employee unless the employee has been informed of the tip credit provisions mentioned in 29 U.S.C. § 203(m).

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another in that they work or have worked as servers, bartenders, and barbacks for Defendants. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that none were paid an hourly wage but were instead forced to work for tips only. Thus, the Class Members are owed the full minimum wage for all hours worked under forty in a week for the same reasons as Named Plaintiff, without regard to their individualized circumstances. The Class Members are also owed one and one-half the full minimum wage for

hours worked over forty in a week for the same reasons as Named Plaintiff, without regard to their individualized circumstances

34. Defendants have a policy or practice of not paying their servers, bartenders, and barbacks any hourly wages. Defendants' failure to pay their servers, bartenders, and barbacks any hourly wages—whether it be minimum wages or overtime wages—as required by the FLSA results from a policy or practice of requiring that these individuals work for tips only. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of minimum wages and overtime compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former individuals who worked as servers, bartenders, or barbacks at 8811 Patio Bar or 4th Quarter Sports Bar who were not paid an hourly wage.**

## VII. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

35. During the relevant period, Defendants have violated and are violating Section 6 of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above and not paying them the statutorily mandated minimum wage.

36. Plaintiffs are entitled to the full minimum wage for all hours worked for Defendants.

37. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

### COUNT II
### FAILURE TO PAY OVERTIME WAGES IN

## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with applicable law.

39. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII.   JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all claims, defenses, and issues so triable.

## IV. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    c.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    d.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

    e.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    f.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

    g.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND LAW FIRM, P.C.

By: */s/ Daniel A. Verrett*
Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
Daniel A. Verrett
State Bar No. 24075220
daniel@morelandlaw.com
13590 Ranch Road 12
Wimberley, Texas 78676
Telephone: (512) 782-0567
Telecopier: (512) 782-0605

**ATTORNEYS FOR PLAINTIFF**

**Plaintiff's Original Complaint and Jury Demand**    **Page 10**