UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIO SANCHEZ, Individually and on Behalf of All Others Similarly Situated, | § § § § | No. 5:17–CV–811–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| KHBJR ENTERPRISE LLC, d/b/a 4th Quarter Sports Bar, ET AL., | § § § | |
| Defendants. | § | |

ORDER: (1) GRANTING PLAINTIFF AND THE 8811 DEFENDANTS' MOTION FOR COURT APPROVAL OF A SETTLEMENT AGREEMENT (DKT. # 58); (2) GRANTING PLAINTIFF, THE 8811 DEFENDANTS, AND THE 4TH QUARTER DEFENDANTS' MOTION TO STAY CASE (DKT. # 60); AND (3) INSTRUCTING THE CLERK'S OFFICE TO ADMINISTRATIVELY CLOSE THIS CASE

Before the Court are two motions: (1) a Motion for Court Approval of a Settlement Agreement filed by Plaintiff Mario Sanchez, in his individual capacity ("Sanchez") and on behalf of all others similarly situated (the "Class Members") (collectively with Sanchez, "Plaintiff"), and Defendants Bombay Ranch Inc., d/b/a 8811 Patio Bar, 811 LLC, d/b/a 8811 Patio Bar, and Michael Kevin Wade (collectively, the "8811 Defendants") on June 20, 2018 (Dkt. # 58); and (2) a Motion to Stay Case filed by Plaintiff, the 8811 Defendants, and KHBJR Enterprise LLC, d/b/a 4th Quarter Sports Bar, JHEK Enterprises LLC, and

1

Kenneth Henry Baker Jr. (collectively, the "4th Quarter Defendants") on June 20, 2018 (Dkt. # 60).  Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing.

After reviewing the instant motions and the Settlement Agreement between Plaintiff and the 8811 Defendants (Dkt. # 61), which has been filed under seal and will not be made part of the public record, the Court: (1) **GRANTS** Plaintiff and the 8811 Defendants' Motion for Court Approval of a Settlement Agreement (Dkt. # 58); (2) **GRANTS** Plaintiff, the 8811 Defendants, and the 4th Quarter Defendants' Agreed Motion to Stay Case (Dkt. # 60); and (3) **INSTRUCTS** the Clerk's Office to **ADMINISTRATIVELY CLOSE THIS CASE**.

### DISCUSSION

Plaintiffs filed this collective action suit against the 8811 Defendants, Sanchez's former employer, and the 4th Quarter Defendants, Sanchez and the Class Member's former employer, to collect unpaid wages, tips, and overtime. (Dkt. # 52.)  Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and the common law of Texas for money had and received.  (Id. ¶¶ 44–50.)  The Class Members have designated Sanchez as their agent to make decisions on their behalf concerning this litigation, including entering into settlement agreements.

On May 14, 2018, the Court approved a Settlement Agreement (the "4th Quarter Settlement Agreement") between Sanchez[1] and the 4th Quarter Defendants. (Dkt. # 57.) In the May 14, 2018 Order, the Court instructed Sanchez to submit a Stipulation of Dismissal as to his claims against the 4th Quarter Defendants once all the required terms of the 4th Quarter Settlement Agreement had been completed. (Id. at 2.)

On June 20, 2018, Plaintiff and the 8811 Defendants filed a Motion indicating that they have reached a settlement and requesting that the Court approve the Settlement Agreement (the "8811 Settlement Agreement"). (Dkt. # 58.) The 8811 Settlement Agreement, which has been filed under seal and will not be made part of the public record (Dkt. # 61), requires the 8811 Defendants to make monthly installment payments to Plaintiff and provides for certain enforcement mechanisms in this Court should the 8811 Defendants fail to make the payments or otherwise comply with the terms of the 8811 Settlement Agreement. Having carefully scrutinized the 8811 Settlement Agreement, the

---

[1] The 4th Quarter Settlement Agreement is between Sanchez, in his individual capacity, and the 4th Quarter Defendants. (Dkt. # 57.) The Class Members are not part of the 4th Quarter Settlement Agreement because none of the Class Members "performed work for the 4th Quarter Defendants within the relevant statutory period." (Dkt. # 49 at 2.) Because the Class Members are "not employees of the 4th Quarter Defendants, [and since the] 4th Quarter Defendants never employed the [Class Members]," "none of the [Class Members] have a claim against the 4th Quarter Defendants." (Id. (citing 29 U.S.C. § 203(d), (e), (g)).)

Court finds that it is fair to Plaintiff and the 8811 Defendants and reasonably resolves a bona fide dispute between the parties.  Accordingly, the Court **APPROVES** the 8811 Settlement Agreement.  (Id.)  Each party shall bear its own costs and attorneys' fees except as provided in the 8811 Settlement Agreement.

In light of the above settlements, Plaintiff, the 8811 Defendants, and the 4th Quarter Defendants filed a Motion to Stay the Case, requesting that the Court "stay this case and all of its deadlines until the 8811 Defendants have fulfilled the required terms of the 8811 Settlement Agreement."  (Dkt. # 60 at 2.)  In the Motion, the parties indicate that they "anticipate filing a stipulation of dismissal as to the 4th Quarter Defendants prior to the 8811 Defendants[] completing their installment payments."  (Id.)  After careful consideration, the Court **GRANTS** the parties' Motion to Stay Case.  (Dkt. # 60.)  However, in lieu of staying this action, the Court finds—in its discretion—that the more judicially efficient and economical course of action is to administratively close this action until all the required terms of the 8811 Settlement Agreement have been completed.  An administrative closure is "a postponement of proceedings," rather than "a termination."  S. La. Cement Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  "The effect of an administrative closure is no different for a simple stay, except that it affects the count of active cases pending on the court's docket, i.e., administratively closed cases are not counted as active."

Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004).  The Court finds that administrative closure, rather than a stay, is appropriate and serves the same functions as a stay, since a case that is administratively closed "may be reopened upon request of the parties or on the Court's own motion."  See id.; see also Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]he 'effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket.'" (discussing and quoting Mire)).  Accordingly, it is **ORDERED** that this action be **ADMINISTRATIVELY CLOSED** until Plaintiff and the 8811 Defendants have satisfied their respective obligations under the 8811 Settlement Agreement.

## CONCLUSION

For the reasons stated, the Court: (1) **GRANTS** Plaintiff and the 8811 Defendants' Motion for Court Approval of a Settlement Agreement (Dkt. # 58); (2) **GRANTS** Plaintiff, the 8811 Defendants, and the 4th Quarter Defendants' Motion to Stay the Case (Dkt. # 60); (3) **INSTRUCTS** the Clerk's Office to **ADMINISTRATIVELY CLOSE THIS CASE** until Plaintiff and the 8811 Defendants have satisfied their respective obligations under the 8811 Settlement Agreement; and (4) **ORDERS** Plaintiff to file a Stipulation of Dismissal in accordance with the terms of the 8811 Settlement Agreement once all the required terms of that Agreement have been completed.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 25, 2018.

_____
David Alan Ezra
Senior United States Distict Judge